Good morning. Our first case this morning is Maxim Integrated Products v. Branch Banking. Mr. Hallward-Drymeier. May it please the Court, Doug Hallward-Drymeier on behalf of Appellant BB&T. Rule 60A allows only for the correction of clerical errors, not mistakes of legal reasoning. The District Court's May 22 order changing the July 16th judgment from a with prejudice to without prejudice dismissal is legally erroneous. It reflects the Court's misunderstanding both of the temporal and substantive limits of Rule 60A. As a temporal matter, Rule 60A only allows the Court to revise a judgment to reflect its intent at the time of the original order. Intent, that's kind of the key word. Are we going to tell a District Court it doesn't know its own intent? Well, it says it intended without prejudice, or at least the implications of without prejudice. And now we're going to say you didn't intend what you say you intended? Well, two things, Your Honor. First, with respect to the implications of that's a legal question, a question of legal reasoning that is not subject to change. Well, stick with the intent. How do we tell a District Court what it intends? Well, the judge in his May 22 opinion never says that at the time it entered the July 16 order it intended to use the words without prejudice, which is what it did in the May 22 order. Let's be precise. This is what he says. While the parties went to great lengths to advise the courts of their respective intents, in the end it is the Court's intent that is at issue. In this case, the logical intent of the Court was to dismiss the case without prejudice. It seems like he's stating his intent. He recognizes that his intent is what at issue, and he's stating his intent. But to be clear, it's his intent at the time in May what he would have written had he had further information in July. And we know that for two reasons. The first is that on page two of the opinion, he actually indicates what he did in July, which is adopt the plaintiff's proposed order. That was his intent in July. He merely adopted what the plaintiffs had given him, and the plaintiffs had given him a motion, a proposed order to dismiss with prejudice. Now, in May, he says that he's looking at all of the facts that have been given to him in the parties' submissions, and he says the counterclaims mirroring the instant claims were the subject of already counterclaims in North Carolina. Well, the fact that the counterclaims in North Carolina mirrored the instant action was information that was not available to the district judge in July because the court did not have before it the counterclaims in North Carolina. So he's basing his decision in May on his intent in a hypothetical sense, what he would have intended had he had further information. But, of course, in the Rivera case in the Fifth Circuit, the Fifth Circuit procedural law governs here. The court says that precisely because a Rule 41 dismissal can be with prejudice or without prejudice at the choice of the parties, Rule 59E is the exclusive mechanism for changing the prejudicial effect of a Rule 41 dismissal. It's hard to escape if you read all the documents and records that everyone was agreeing we're dismissing to pursue the case elsewhere, specifically the Western District of Pennsylvania, and that was what both parties were agreeing to. But to be clear, BB&T... To be clear, that's exactly what they were doing. BB&T made clear that it was only agreeing that further motions would be filed in the North Carolina action. It never agreed to give up its res judicata defense from a with prejudice dismissal. This is not an instance where BB&T pulled the wool over the eyes of Maxim. BB&T made clear in every single communication with Maxim... If you wanted a bargain for notice of dismissal with prejudice, instead of the voluntary dismissal you got, why didn't you enter into a stipulation to dismiss without prejudice? Then you'd have an agreement that's enforceable rather than just looking at Maxim's intent. Well, what the parties did agree to is that the dismissal here would be by order. In fact, that's reflected repeatedly in the email exchanges, is that there would be not simply a notice of dismissal, but a proposed order, and specifically that the proposed order would say with prejudice. That is reflected in no less than 12 different communications between the parties. I think the problem for you in this case, because if we just had the order, I think you might have a better argument. The problem is the notice of dismissal explicitly states that it's dismissing in favor of the claims filed elsewhere. Even though it says with prejudice, it at least raises an ambiguity about whether you could pursue those claims elsewhere if you're dismissing with prejudice. I don't see why the district court wasn't right in looking at the fact that the notice and the order don't really match up in correcting it and saying at the time if I'd paid attention more closely to the notice, I would have dismissed without prejudice. Well, if I had paid more attention at the time, that clearly is an act of judgment. That is a new act of judgment the court is making in May rather than a statement of its original intent, and Rule 68 does not allow a new exercise of judgment. Well, you're suggesting that because the district court just signed the order with prejudice that he intended to dismiss with prejudice. I'm not sure that we can glean one way or another. Like I said, the notice of dismissal itself is ambiguous. Well, it's because Rule 41 allows the parties to choose whether the dismissal will be with prejudice or without prejudice that when the court decided in July to enter the proposed order as proposed by the parties, that was its relevant intent. We don't even think, in fact, Fifth Circuit law suggests that the court would not have had the authority to convert a proposed with prejudice dismissal into a without prejudice dismissal, but even if it could have done so, you would have expected that such an extraordinary exercise of authority would have been reflected at the time, but there's no indication. In fact, to the contrary. I'm not sure how extraordinary it was. I mean, I would think that if I were the district court judge and got this notice saying that we're going to voluntary dismiss this so we can pursue our counterclaims in the other case, that it has a prejudicial effect, I would raise some question about whether that was correct or whether that was a clerical error. Well, but no question was raised at the time. The parties had agreed to a with prejudice dismissal, and to the extent that you're That doesn't erase the fact that it seems to be a clerical error. Well, it's not a clerical error on the part of the court. The court intended to enter precisely the order that had been proposed to it by the parties. To the extent that there's an ambiguity in the notice, the notice, as Your Honor notes, says with prejudice. It then says in favor of the counterclaims, but to the extent that there's a tension between those, the tension is resolved by the clearer proposed order, which says simply and categorically that the claims are dismissed with prejudice. Now, it was at the time BB&T asserted its res judicata defense in its answer to the counterclaims. There was still time for Maxim to go under Rule 59E to seek a change in the order. It had a week to do so. It let that time pass, and the court could not relieve Maxim of its multiple legal errors. First, apparently a legal error of misunderstanding what every first-year law student knows, which is that a with prejudice dismissal means res judicata. And then its second legal error of failing to move under the Rule 59E, which is more liberal than Rule 60. There must be finality in judgments, and for that reason, Rule 60 is very narrow. Rule 60A is very notable precisely because it allows the court to act at any time on its own and even without notice to the parties. Even if we believed your technical argument on 60A, we would simply vacate and remand. It would go back to the district court. He would clearly do the identical thing under 60B, which he didn't before, and I promise you we would affirm it. So why in the world would we ever reverse on 60A? Because Fifth Circuit law is clear that Rule 60B does not permit a court to relieve a party of its own mistake. But to agree with you, I have to conclude that despite when the court said it was his intent to dismiss the case without prejudice, I have to somehow in tune a time delay or differential that you're implying, which is not present in the order or in any of the explanation in the opinion. I have to in tune and believe what you're saying, which is that he intended to do exactly what he did at the front end, dismiss with prejudice, but then changed his intent only at the time of the argument, and I don't see that his opinion reflects any change in intent. Well, as I noted, the opinion reflects that in July, what the court had done was merely adopt the party's proposed order, which was a dismissal with prejudice. That was a choice that the parties could make under Rule 41, and we don't even think the court could have changed that from a with prejudice to without prejudice. But even apart from this question of temporal scope, the court's order also reflects a substantive error because the opinion clearly is the product of an exercise of judicial reasoning. It says repeatedly that it wouldn't make sense. It's illogical. It's the logical intent. This is why, again, in Rivera, the court said a summary judgment is by its nature necessarily, always, invariably with prejudice. Therefore, it was not a substantive change to convert a without prejudice to with prejudice because it was granting summary judgment. Would you like to save your rebuttal? I would, Your Honor. Thank you. Mr. Powers. Thank you, Your Honor. May it please the court. I believe the issue on appeal rises and falls, begins and ends with an examination of the district court's intent. The Fifth Circuit has declared that in Rivera, that that's the only intent that matters, and the district court here twice told us what its intent was. As Your Honors have noted, that ought to govern, and we ought not, I think, to be calling in question the district court's veracity when the district court tells us what his intent was at the time. Why shouldn't we take his intent as the plain language of the order when he signed it, and the plain language of the order when he signed it said dismissal with prejudice? It also said granting the notice, and the notice said in favor of pursuing claims elsewhere. But still with prejudice. There's no doubt that the with prejudice is there and is erroneous. The question is whether that was a conscious decision by the district court with its effect or whether that was a clerical error. Counsel, but your client didn't even argue that it was erroneous. Your client never said, I want a dismissal without prejudice. Your client was at all times willing to give up the right to re-bring cases in Texas. That was what they said their intent was. So they actually intended for there to be some preclusive effect by virtue of their agreement. And that was clear, and that was what you all understood, and they understood. So this isn't a matter of a simple typo. It isn't that everyone came to the table expecting it to be dismissal without prejudice, and the out part got left off. They intended for there to be preclusive effect and represented as much. With respect, I think the record, those are inferences from the record that one might draw. The record really – Forget inferences. Are you claiming now that that wasn't what people were agreeing to? I wasn't there. I can't say what people – I can say what the record says. The record says that he got a form for dismissal. He added to that form the language about in favor of other going elsewhere. And that was his intent, and that he didn't notice that he had forgotten to change it from without prejudice. When you're saying he, who are you talking about? I don't even follow you. Mr. Marsh. The counsel. Counsel for Maxim at the time. But that suggests that the mistake is not the district court judges. He didn't make a clerical error. The mistake is the former counsel. With respect, I disagree. The district court judge did sign an order, and that order did say with prejudice. And the district court, at the time he signed that order, says to us later in his opinion that his intent was not to dismiss with prejudice. His intent was to grant the notice, which was to allow the case to go forward in the Western District of Pennsylvania. And it appears from the record that both the district court and Maxim's counsel did not notice the with prejudice language. What if, hypothetically, the notice hadn't included that with prejudice in favor of language, and it still, you all had intended it to go forward, but you just had with prejudice in the notice, with prejudice in the order. Would you be stuck? It would then come down to what the district court's intent was. Well, his intent was to sign the order you gave him, which did it with prejudice. If that's what the district court said, that his intent was to dismiss with prejudice because that's the order that was given to him. Well, what other intent would he have? I mean, he's given an order that the parties have agreed to. He's effectuating the party's intent. The mistake may have been yours or your previous counsel, but the fact that he accepts your mistake doesn't mean it's his mistake. I understand where that hypothetical goes, but if there were facts at the time, if the district court knew of the party's intent to go forward, and that's the intent he had, then it would be the district court's error then also, in the same manner that it was here. It would be less clear because he wouldn't have the words in the notice that made clear what everybody intended at the time. But under Rivera, it does come down to what the district court intended at the time. And the fact that the order contains the language with prejudice doesn't answer that question because that could be a clerical error or it could be intentional. He said it was a clerical error. I think we should take him at his word. If this court were to disagree and say this was not a clerical error and vacate and remand, what would be the implications of that? I think the scenario that Judge Moore sketched out is exactly what would occur. The Yesh Music case gives a clear basis for the district court to do under 60B exactly what he did under 60A. And that, I think, would be a highly inefficient use of everyone's resources. At the end of the day, I think if you step back and read all the Rule 60 cases, what comes out of that is that substance should trump form. That's the whole point of Rule 60 is to allow substance, allow the truth as Rivera put it, to trump the form because mistakes happen. And I don't think there's a meaningful question that the district court and Maxim all understood that this case was going to go forward in the Western District of Pennsylvania. Now, BB&T argues that it had a hidden intent that it did not disclose to have a gotcha against Maxim to assert a res judicata defense. Well, it's not all that hidden. I mean, there are several emails back and forth where it insists that you put in the with prejudice language. And I think any reasonable lawyer would recognize that that means there could be some preclusive effect. I mean, to suggest it's hidden is going a little far. It wasn't overt. I take your point. It seems like there was some carelessness here. The carelessness, I think, though, was not the type of legal error. It was that the inclusion of the language in favor of proceeding in the Western District of Pennsylvania, that that language solved the problem. And that that made clear what the intent was. And again, it comes back under Rivera to the district court's intent, not BB&T's. As you said a moment ago, mistakes are made, and that's what Rule 60 is for. But in this case, is 60 to be used for anything other than clerical errors? Rule 60A is limited to clerical errors for certain. And the debate about what constitutes a clerical error, then, under Rivera and the cases that have been cited, goes to what was the intent at the time. Because if the district court's intent was to dismiss without prejudice to allow the case to go forward in Pennsylvania, then, by definition, the language with prejudice is a clerical error, because that's contrary to the district court's intent. If the district court intended that language to be there to have preclusive effect… Could the district court make a legal error other than a clerical error? The district court can make a legal error. Rivera discusses that and says in the context of, for example, summary judgment, there is no chain of legal reasoning that suggests summary judgment could be without prejudice. So, therefore, that's not a legal error. It's obviously a clerical error. I think you have exactly the same situation here. Justice Castle argued, and just as Your Honor noted, the language with prejudice has a well-known effect. It's as well-known as the effect of summary judgment. And so, similarly, no chain of legal reasoning could suggest that that was intended. But yet they asked for that language to be added to the order. And the attorney on your side acquiesced in it. This isn't like it cropped up out of nowhere. It wasn't there. They asked for its inclusion. It got then incorporated. Oh, sure, we'll put it in by a well-educated attorney on your side. You're right. It's absurd. Any first-year attorney should know what it means, etc., etc. But yet he nonetheless agreed to it. Not quite, Your Honor. It wasn't a typo. He agreed to the language without prejudice being added in, or with prejudice. With respect, I don't think that's what the record says. It's not as if there was a proposed form of order that didn't have with prejudice, and that was added. That's not how it happened. There's this chain of emails. Yes, I have them right here. There's a chain of emails where with prejudice is thrown around back and forth. No, it's not thrown around back and forth. Your side never objected to it. They asked, okay, we'll agree to this if you include the language with prejudice, and you guys acquiesced. There wasn't an express email from our side saying, okay, we will agree to with prejudice. Oh, actually, there is. My client is in agreement. The top of 116, if you want to follow along with me. My client is in agreement with the proposed order for dismissal with prejudice of the Texas action. We agree that all future motions will be made in ED North Carolina action. That's from Mr. Myers, I believe, not from Mr. Marsh. Jim is the other side, not you guys? Yes. Oh, okay, sorry. I couldn't figure out. I didn't remember who was who. My bad. It's only Mr. Marsh would be the only person corresponding, and Mr. Myers was saying that. Who wrote the proposed order? Your client's counsel. Yes, that is true. And you have the language with prejudice in it, and you sent it to them, and they agreed to it. Exactly. There's a slight nuance, but that's right. The nuance, according to the record, again, I wasn't there, but according to the record, which is A-156 of paragraph 34, he was asked for and received a form for dismissal, and that form had with prejudice. He didn't add it to that form. He didn't personally write it. What he added to the form was in favor of proceeding in the Western District Court. Who did he receive the form from? I'm finding the ambiguity about this a little bit difficult. I mean, are you basically saying some paralegal in his office gave him a form, and he didn't take the time to correct it? Why should that mistake be held against your client? Well, because it's a clerical mistake. It's the type of mistake that can be fixed. That's the point. When the intent is clear at the time, it's a mistake but not a mistake of legal judgment. It wasn't as if he was saying— Well, you keep saying it's a mistake, but if you look at the record, you could just as easily read it to say B, B, and T wanted a dismissal with prejudice. You sent them a draft notice that proposed that language, and they agreed to it. Why shouldn't it be held to that bargain? Because 60A says what matters is the district court's intent, not B, B, and T's intent, and the district court's intent, which is not playing that game of counsel trying to have a restricted trial of defense or not. The district judge was doing what he thought made sense, and the district judge was allowing the case to go forward elsewhere, which is inconsistent with having with prejudice. That's why I think it's important to keep remembering that the intent that matters under Rivera is the district judge's, and the district judge has told us what his intent was at the time. And the only response from counsel today on that question is, I think, to parse the district court's language much too finely and to say that in his order, the fact that he at one point relies on evidence that occurred later means that he's creating an after-the-fact intent. I don't think that's a fair reading of his order. His order makes very clear that he understands the test from Rivera, that it's what his intent was at the time, and then he says what his intent was. And I think that should be the beginning and end of the question under Rivera. The only other point that has been raised in the briefs that I wanted to respond to briefly is the question of altering substantive rights. And that has been argued in the reply particularly as an independent ground, and I wanted to address that very briefly if I may. The argument made by BB&T in this respect is circular. It's circular in the sense that it assumes it had a substantive right to a res judicata defense when in fact, if the district court's intent was for it to be without prejudice, then it had no such substantive right. And the other problem with the argument made by BB&T  Rivera makes clear that the alteration of substantive rights is really another way of saying what was the district court's intent at the time. Not that it wouldn't have a substantial effect. BB&T's argument essentially is this has a substantial effect, therefore it's altering our substantive rights. And the language from Rivera at page 199 is directly contrary to that position. Now if I may, I'll quote. Rule 60A applies to all clerical miscues trivial and important alike, including those that unsettle expectations and have significant effects. The relevant inquiry under Rule 60A is not whether making the correction will have any effect on the party's rights and obligations under the judgment. Most of the time, it will. Rather, the question is whether granting the motion would require the district court either to adjudicate an issue it has not previously reached or to make a substantive modification to a prior adjudication. And that comes back to intent. And so under Rivera, I believe, as I said earlier, the beginning and ending is the district court's intent. We have here a district judge who has said, I believe quite clearly, what his intent was. And I think that should end the question. Thank you, Mr. Powers. Mr. Howard-Drumeyer, you have four minutes. Thank you, Your Honor. A few points. First, with respect to Rivera, I'd like to quote from page 159 here. The court says at footnote 21 and 22, the prejudicial effect of a voluntary dismissal requires the district court to exercise its discretion because Rule 41 gives the court the option of entering a voluntary dismissal either with prejudice or without prejudice. The choice between the two options is a matter of judgment. Therefore, and I'm quoting, the prejudicial effect of a Rule 41A2 dismissal is a substantive amendment that must be requested under Rule 59E. Maxim had time to file a Rule 59E motion. It let that time expire. Rule 60A, which merely allows correction of clerical errors, does not allow a correction of that substantive type. Judge Moore, you were exactly correct when you noted that Maxim always intended a dismissal with prejudice. It believed that the prejudice would only be to relitigation in Texas. And we know that because when Maxim submitted a proposed order in connection with this Rule 60 motion, and that proposed order is at Appendix 3401. Yeah, but we're not reviewing Maxim or BB&T's intent. We're reviewing the district court's intent. And hasn't the district court rather persuasively told us what it intended, both by granting the 60A motion and in its written explanation of that action? I think Council for Maxim and I are in agreement that what the district court was doing in its motion was explaining what its intent would have been about the prejudicial effect, the legal consequences of a with prejudice dismissal. That's a new judgment that's not comprehended anywhere in the original judgment. And therefore, that new exercise of judgment, even if the court is accurately conveying what its intent would have been based on what it wrote, that is a new exercise of judgment. Even as my colleague Judge Moore just pointed out, even if 60A isn't available because we decide this isn't clerical, yes, music tells us that 60B is ideally available. No, Your Honor, the opposite analog is in re pedal, in which the court held that it would be an abusive discretion to convert a with prejudice to without prejudice dismissal merely because the party who submitted the with prejudice dismissal misunderstood the legal consequences of doing so. In yes, music, the party had submitted a dismissal without prejudice. The parties had agreed in open court that the action would be revived in Texas. And in fact, the court didn't undo the second dismissal without prejudice. It undid the first dismissal to revive the Texas action, which is exactly what the parties had agreed in open court should happen. So it's not a change from a with prejudice dismissal to a without prejudice dismissal. That's what the district court tried in in re pedal and what the Fifth Circuit held was not permitted under Rule 60B. I do also just want to reemphasize the exchange between the parties. It was Maxim who proposed a dismissal with prejudice. BB&T accepted in a letter that made explicit that it would be with prejudice. Maxim prepared the document proposing to dismiss with prejudice and submitted it to BB&T for its review.  in which BB&T had other obligations which it performed fully. So to change it now to a without prejudice dismissal is a revision of BB&T's substantive rights under that contract. Thank you very much. Thank you.